IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>      Plaintiff,<br>vs.<br><br>THE BOARD OF EDUCATION OF THE ALBUQUERQUE PUBLIC SCHOOLS (more commonly known as "Albuquerque Public Schools" or "APS"),<br><br>      Defendant. | No. 1:09-cv-00052 PJK/RHS |

MEMORANDUM OPINION AND ORDER

THIS MATTER came on for an evidentiary hearing on Defendant's ("APS") Application for Temporary Restraining Order and Preliminary Injunction filed September 2, 2009 (Doc. 31), and a hearing was held in Albuquerque, New Mexico on September 10, 2009. Both parties appeared with counsel. Prior to the hearing, the court reviewed the application, response and reply and various exhibits and affidavits. Docs. 29-32; 39-44; 45, 47-48.[1] The court also considered the evidence available at the hearing. Upon

---

[1] Although APS has filed a motion to strike (Doc. 46) some of the Plaintiff's evidence, the time for a response and a reply has not run. The Tenth Circuit has indicated that the Federal Rules of Evidence do not apply to preliminary injunction hearings. Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). In addition to the testimony at the hearing, a court may consider affidavits (and even inadmissible hearsay). Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 718-19 (3rd Cir. 2004). That said, the court has considered the evidence for what it is worth–and much of the evidence is simply irrelevant to the matter at hand. Further, the court expresses no opinion on the admissibility of the evidence in other contexts.

consideration thereof, the court finds the evidence in equipoise and will not grant the application at this time.

## Background

Plaintiff Juan Hernandez is a naturalized American citizen from Mexico, who works as an irrigation technician at Albuquerque Public Schools. He brought this employment discrimination action based upon alleged national origin discrimination (Count I) and retaliation for protected activities in opposition to discrimination (Count II). Doc. 49. Plaintiff claims discrimination in connection with the terms and conditions of his employment and a hostile work environment. Id. Defendant APS seeks a preliminary injunction prohibiting the Plaintiff from interfering with its witnesses, specifically Jimmy Salas and Michelle Wright, and their family members, and imposing immediate sanctions on the Plaintiff if the injunction is violated. Doc. 31 at 1; Doc. 45 at 3.

APS is in the process of terminating Plaintiff's employment. Doc. 39, ex. M. Michelle Wright is allegedly a former girlfriend of the Plaintiff. Doc. 29 at 1, ¶ 3. Jimmy Salas is a former friend of the Plaintiff who defense counsel believes will provide derogatory information about the Plaintiff, both concerning his work conduct and his attempt to recover from APS. Doc. 48 at 2-3, ¶¶ 7-8 (Adams amended aff). Mr. Salas is a private investigator and claims to be a confidential informant for the Federal Bureau of Investigation. Doc. 29 at 1, ¶ 2. Mr. Salas's deposition in this case may occur later this month. Doc. 48 at 3, ¶ 11.

According to Mr. Salas, after he was identified as a witness, the Plaintiff began calling him on his cell phone, and harassing him with text and video messages. When Mr. Salas wouldn't respond, Plaintiff ostensibly offered him $2,000 not to testify. Mr. Salas changed his phone number, but claims that Plaintiff called Mr. Salas's ex-wife to find out Mr. Salas's whereabouts. Plaintiff admits that he was in telephone contact with Mr. Salas, but denies ever threatening or attempting to bribe him. Plaintiff admits that he contacted Mr. Salas's ex-wife, but only to remind her to pick up some stored belongings. Based on these events, APS seeks an injunction, rather than a discovery order.

Plaintiff's counsel maintains that it is APS's counsel who is interfering with witnesses by communicating that Plaintiff is seeking inordinate damages in multiple baseless lawsuits and indicating that she will represent the witnesses if deposed by Plaintiff's counsel. See Doc. 47 at 2-3, ¶¶ 11-16 (Lichok aff.); Doc. 43 at 2-3, ¶¶ 12-14 (Chavez aff.). APS's counsel explains that she was merely apprising the witnesses of the nature of Plaintiff's claims, identifying Plaintiff's counsel, and responding to witness inquiries. Doc. 48 at 4-5, ¶¶ 17-24. Plaintiff's counsel requests that the court to conduct in-camera proceedings to discover any taint. Doc. 39 at 12. Plaintiff also seeks fees in having to respond to APS's overbroad attack. Doc. 39 at 11-12.

Discussion

For a preliminary injunction to issue, a movant must show: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor;

and (4) that the injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  A preliminary injunction hearing is based upon expedited procedures and does not constitute a final decision on the merits.  Univ. of Texas v. Camenisch, 451 U.S. 390, 395-96 (1981).  In this case, APS is seeking a prohibitory injunction to preserve the status quo.[2]  Without question, were APS able to establish a factual predicate for its claims, that the Plaintiff was attempting to intimidate or bribe a witness, the court has no doubt that APS could establish the second, third and fourth elements required for a preliminary injunction.  After all, APS is entitled to discover and utilize evidence in support its defense and counterclaims.  The Plaintiff has no legitimate interest in thwarting the discovery process.  Certainly, upholding the truth-seeking function of the litigation process is in the public interest.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43  (1991) (discussing a court's implied power to sanction).

Plaintiff's counsel recognizes as much, but rightly reminds the court that the factual predicate is an essential prerequisite for relief.  Doc. 39 at 11; see Munaf v. Geren, 128 S. Ct. 2207, 2218-2219 (2008) (movant has the burden to demonstrate likelihood of success on the merits).  APS had the burden; Mr. Hernandez was not required to disprove the claims of APS.  Thus, this case is unlike Gonzales v. O Centro Espirita Beneficente

---

[2] The court will decide the application on its terms, though a more traditional approach would have been to seek sanctions for bad faith litigation conduct and a protective order. See Quiroz v. Superior Bldg. Maintenance, Inc.. No. 06-21594-CIV, 2008 WL 3540599, at *5-6 (S.D. Fla. Aug. 12, 2008); Recinos-Recinos v. Express Forestry, Inc., No. Civ.A. 05-1355, 2006 WL 197030 at *5 (E.D. La. Jan. 24, 2006); Young v. Office of the United States Sergeant at Arms, 217 F.R.D. 61, 65-66 (D.D.C. 2003); Fed. R. Civ. P. 26(c)(1)(B).

Uniao do Vegetal, 546 U.S. 418, 428-29 (2006), where the Court rejected the government's argument that evenly balanced evidence upon the government's affirmative defense was sufficient to defeat a preliminary injunction; there the movant had made a prima facie case of a Religious Freedom and Restoration Act (RFRA) violation and the government had the burden to demonstrate a compelling interest which it did not do given evenly balanced evidence. Id. In this case, APS had the burden and although the evidence certainly establishes *some* telephone contact between the Plaintiff and Mr. Salas, the rest is not clear. No evidence suggests that Plaintiff attempted to interfere with Ms. Wright as a potential witness.

    That said, the court is concerned about the amount of extraneous information generated by counsel in the pleadings concerning an injunction–much of it going to the merits of the case and appearing to be an effort to sway the court based upon irrelevant and highly prejudicial factors. The court will not grant the injunctive relief sought by APS. Nor will it conduct an in-camera review of APS witnesses or grant Plaintiff attorney's fees. APS's counsel may ask whether witnesses are generally aware of Plaintiff's claims but should be careful not to inject editorial comment that would prejudice the witnesses. The court reminds all counsel of the need to follow the rules in discovery matters. Mr. Hernandez is reminded that he must not interfere with discovery in any way–the court will not hesitate to impose sanctions upon a proper application and proven violation. See Garcia v. Berkshire Life Ins. Co., 569 F.3d 1174, 1180-81 (10th Cir. 2009) (upholding a dismissal sanction imposed on a litigant who submitted false

documents and whose answers deceived the court); Fed. R. Civ. P. 37(b)(2)(A);  Fed. R. Civ. P. 41(b).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that the Application for Temporary Restraining Order and Preliminary Injunction filed September 2, 2009 (Doc. 31) is denied.

DATED this 15th day of September 2009, at Santa Fe, New Mexico.

                                        *Paul Kelly, Jr.*
                                        United States Circuit Judge
                                        Sitting by Designation

Counsel:
Samantha M. Adams and Tiffany L. Roach, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant.

Brian A. Thomas, Law Offices of Brian A. Thomas, P.C., Albuquerque, New Mexico, and Rachel Berenson, Berenson and Associates, Albuquerque, New Mexico, for Plaintiff.